

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2010

# James Schneller v. Fox Subacute at Clara Burke

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4577

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"James Schneller v. Fox Subacute at Clara Burke" (2010). *2010 Decisions*. Paper 1766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-135                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4577
_____

JAMES D. SCHNELLER, HEIRS AND BENEFICIARIES OF
MARJORIE C. SCHNELLER, BY JAMES D. SCHNELLER,
TRUSTEE AD LITEM; ESTATE OF MARJORIE SCHNELLER, BY AND THROUGH
JAMES D. SCHNELLER, TRUSTEE AD LITEM; MARJORIE ZITOMER,
EXECUTRIX OF THE ESTATE OF MARJORIE SCHNELLER

v.

FOX SUBACUTE AT CLARA BURKE; GARY DRIZIN, M.D.;
DEBBIE MCCOY, R.N.; MARJORIE ZITOMER; G. RICHARD SCHNELLER;
T. SERGEANT PEPPER, ESQ.; HEPBURN, WILCOX, HAMILTON &
PUTNAM, L.L.P.; PENNSYLVANIA DEPARTMENT OF AGING,
PENNSYLVANIA DEPARTMENT OF HEALTH, DIVISION OF NURSING
CARE FACILITIES, NORRISTOWN FIELD OFFICE; GARY LAYMAN;
JUDITH FOLAN; SAMUEL J. TRUEBLOOD, ESQ.;
TRUEBLOOD & AMACHER, L.L.P.

James D. Schneller,
                                   Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-06-cv-01504)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted by the Clerk for Possible Dismissal for Lack of Jurisdiction
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2010

Before:  SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 8, 2010)

PER CURIAM

Appellant James D. Schneller, proceeding pro se, appeals from the District Court's

dismissal of his action and denial of his post-judgment motions. For the reasons that

follow, we will dismiss in part for lack of jurisdiction and otherwise summarily affirm the

judgment of the District Court.

In 2006, Schneller filed a civil action against a number of defendants stemming

from the death of his mother in 2002 and the subsequent administration of his parents'

estate.[1] In an opinion and order entered on June 26, 2009, the District Court dismissed all

of his claims and order the case closed. On July 10, Schneller timely filed a motion for

reconsideration which was denied on August 4, 2009. On August 11, Schneller filed a

motion to "supplement the record," followed by a motion for sanctions and costs on

September 2. The District Court entered two orders denying Schneller's post-judgment

motions on September 8, 2009. On October 8, 2009, Schneller filed a six-page document

entitled "Plaintiffs' Motion for Leave to Appeal In Forma Pauperis" which detailed the

---

[1] Schneller filed his complaint pro se. In it, he purported to represent other persons and entities. As a pro se litigant, Schneller may not represent parties other than himself. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that non-lawyer proceeding pro se could not represent his own children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel"). Accordingly, we will treat him as the sole Appellant in this appeal. See also Schneller v. Fox Subacute at Clara Burke, 317 F. App'x 135, 137 n.1 (3d Cir. 2008).

errors allegedly made by the District Court in dismissing Appellant's complaint and denying his post-judgment motions and requested leave to appeal in forma pauperis. The District Court granted him leave to appeal in forma pauperis on October 27, 2009, and Schneller filed a document entitled "Notice of Appeal" on December 2, 2009.[2]

Appellant seeks to appeal both the District Court's dismissal of his action and its denial of his post-judgment motions. The District Court's judgment dismissing the underlying action became final on August 4, 2009, when the District Court denied Appellant's timely-filed motion for reconsideration.[3] See 28 U.S.C. § 1291 (vesting jurisdiction in courts of appeals over "final decisions" of the district courts); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200 (1988) (holding that a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, and that a question remaining to be decided after entry of such a decision does not affect its finality). Because Schneller failed to file a notice of appeal

---

[2]The document was dated November 6, 2009, but file-stamped December 2, 2009. In his response, Appellant argues that it was filed on November 10, 2009, but does not provide any support for this assertion. As we explain herein, whichever of these dates we use, the notice of appeal was untimely filed with respect to the dismissal of the action and denial of reconsideration.

[3]Because the motion for reconsideration was filed within ten business days of the District Court's entry of judgment, the time to file a notice of appeal from the June 26, 2009 dismissal was tolled until the District Court denied the motion for reconsideration on August 4, 2009. See former Fed. R. Civ. P. 59(e) (amendment effective Dec. 1, 2009). Appellant's subsequent motions to supplement the record and for sanctions do not fall within the subset of post-judgment motions which toll the time for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(A).

within thirty days of entry of that order, we lack jurisdiction over the District Court's June 26, 2009 opinion and order dismissing his action and its August 4, 2009 order denying his motion for reconsideration. See Fed. R. App. P. 4(a)(1); Bowles v. Russell, 551 U.S. 205, 213 (2007) (holding that the timely filing of a notice of appeal is a jurisdictional requirement).

However, the District Court's September 8, 2009 denials of Appellant's post-judgment motions are separately appealable. See Pennsylvania v. Flaherty, 983 F.2d 1267, 1276 (3d Cir. 1993) ("Post-judgment orders are final for purposes of § 1291 and immediately appealable because the policy against piecemeal review is unlikely to be undermined."). On October 8, 2009, Appellant filed a document entitled "Plaintiffs' Motion for Leave to Appeal In Forma Pauperis" which specified those orders he wished to appeal, the grounds he wished to appeal them on, and the court he wished to appeal them to. The District Court should have treated this document as a notice of appeal. See Fed. R. App. P. 3(c)(1); Masquerade Novelty v. Unique Indus., 912 F.2d 663, 665 (3d Cir. 1990) (explaining that "a party will be deemed to have complied with Rule 3(c) if it has, within the time provided to file an appeal, filed documents that 'specify the party or parties taking the appeal; . . . the judgment, order or part thereof appealed from; and . . . the court to which the appeal is taken'"). Because this document was timely-filed with respect to the District Court's denial of Appellant's motions to supplement the record and for sanctions, we have jurisdiction to consider his appeal from those orders. See Fed. R. App. P. 4(a)(1); Flaherty, 983 F.2d at 1276.

4

In his motion to supplement the record, Schneller argued that he should have been permitted more time in which to respond to Appellees' oppositions to his motion for reconsideration. Schneller relied on Rule 15(a) which, at the time he filed his motion, allowed a party 20 days in which to amend a pleading as a matter of course. See former Fed. R. Civ. P. 15(a) (amendment effective Dec. 1, 2009). A Rule 59(e) motion for reconsideration, however, is not a pleading. See Fed. R. Civ. P. 7(a). And, as Schneller appears to recognize, Judge Stengel's procedures do not permit reply briefs to be filed as a matter of course, but only when leave to file them has been requested and granted. Thus, the District Court was under no obligation to permit Schneller to file a reply. Furthermore, there is no reason to believe Schneller's reply to Appellees' oppositions would have affected the District Court's decision. Schneller attached his proposed reply to his motion to supplement the record. Neither his original motion for reconsideration nor his proposed reply set forth any basis on which a motion for reconsideration could have been granted by the District Court.[4]

---

[4]In his motion for reconsideration, Schneller recognized that motions for reconsideration are sparingly granted and require either the presence of new evidence not previously available, an intervening change in the controlling law, or the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Nonetheless, his motion failed to allege that any of those circumstances were present. Rather, it speculated that the District Court "may have" misapprehended facts or misapplied law and that it "may have" erred in reaching certain conclusions, but did not present any specific legal issue which was clearly incorrectly decided or point to any new evidence or intervening change in the case law that would have supported reconsideration. Nor did his proposed reply satisfy any of these criteria.

5

In his motion for sanctions and costs, Schneller argued that, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, Appellees should be sanctioned for filing frivolous and vexatious motions and pleadings for the purpose of causing unnecessary delay and increasing the cost of the litigation. While Schneller set forth the facts and legal arguments made by Appellees that he disagreed with, he did not provide any basis from which the District Court could have concluded that Appellees alleged those facts or made those arguments "for an improper purpose" or with the intent of "misleading the court." Schneller's motion for sanctions was not the proper vehicle for challenging these assertions and arguments – appeal was. Because Schneller failed to timely appeal from the District Court's dismissal of his action and denial of his motion for reconsideration, we cannot consider these arguments at the present time.

Because Schneller's appeal presents no substantial question, we will summarily affirm the orders of the District Court denying the requested relief. See 3d Cir. LAR 27.4; I.O.P. 10.6. Schneller's appeal from the District Court's dismissal of his action and denial of his motion for reconsideration is dismissed for lack of appellate jurisdiction. See Fed. R. App. P. 4(a)(1); Bowles, 551 U.S. at 213.